**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4578**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GARFIELD D. CAMPBELL,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, District Judge.   (3:09-cr-00236-FDW-1)

———————

Submitted:  January 4, 2012          Decided:  February 2, 2012

———————

Before GREGORY, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, Jr., Monroe, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garfield F. Campbell appeals the district court's denial of his motion to suppress evidence. After the district court denied the motion, Campbell pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2006) and was sentenced to 120 months' imprisonment. Pursuant to his plea agreement, Campbell preserved the right to appeal the district court's ruling on the motion to suppress. On appeal, he argues that the police officer's command for him to stop constituted an unauthorized seizure.

This court reviews the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, this court construes the evidence in the light most favorable to the Government. Id. Finding no error in the district court's ruling, we affirm.

Consistent with the Fourth Amendment, a police officer may stop a person for investigative purposes when the officer has reasonable suspicion based on articulable facts that criminal activity is afoot. United States v. Arvizu, 534 U.S. 266, 273 (2002); Terry v. Ohio, 392 U.S. 1, 22 (1968). A "seizure" warranting Fourth Amendment protection occurs when, in

2

view of the totality of the circumstances, a reasonable person would not feel free to leave or otherwise terminate the encounter. United States v. Lattimore, 87 F.3d 647, 653 (4th Cir. 1996). Not all police-citizen interactions constitute a seizure; "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry, 392 U.S. at 19 n.16. The general rule is that a seizure "requires either physical force . . . or, where that is absent, submission to the assertion of authority." California v. Hodari D., 499 U.S. 621, 626 (1991). A defendant who flees the police in response to an assertion of authority has not been seized, and thus his Fourth Amendment rights are not implicated. Id. at 626, 629.

Campbell's encounter with the officer was not a seizure within the protections of the Fourth Amendment because, as the district court reasonably found, he did not submit to the officer's assertion of authority and was not physically restrained. Indeed, he fled from the officer's presence. See United States v. Brown, 401 F.3d 588, 594 (4th Cir. 2005) ("A defendant who flees the police in response to an assertion of authority has not been seized, and thus his Fourth Amendment rights are not implicated."). Because Campbell was not seized and the protections of the Fourth Amendment were thus not

3

implicated, a discussion of the reasonableness of the officer's suspicion is unnecessary.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4